UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:11-CV-00376-GNS

UNITED STATES OF AMERICA ex rel.
   Dr. Ijaz Mahmood et al.                                                                              PLAINTIFFS

v.

ELIZABETHTOWN HEMATOLOGY
   ONCOLOGY, PLC et al.                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on proposed-intervenor Theodore L. Mussler, Jr.'s ("Mussler") Motion to Intervene and Unseal Court Records (DN 27). The motion is ripe for ruling. For the reasons stated herein, the Court **GRANTS** the motion.

## I. BACKGROUND

On June 27, 2011, Plaintiff Dr. Ijaz Mahmood ("Dr. Mahmood") filed a *qui tam* action against Defendants. (Compl., DN 1). Mahmood alleged that Defendants engaged in fraudulent billing practices in order to inflate bills to Medicare, including the provision of unnecessary medical services and treatment to patients diagnosed with cancer. (Compl, 5). Examples included increasing chemotherapy infusion times by a factor of six to eight times longer than medically necessary, subjecting patients to hours of intravenous treatment when one injection would have sufficed, and double-billing by fraudulently billing a secondary condition as a primary condition. (Comply. 6-9). Dr. Mahmood alleged three counts under the False Claims Act, 31. U.S.C. §§ 3729-3733, including: (1) knowingly presenting or causing to presented a false claim; (2) conspiracy to submit false claims; and (3) violations of the anti-kickback provisions contained in the False Claims Act. (Compl. 10-11).

On June 3, 2014, this Court unsealed the Complaint, ordered that all subsequent documents not be filed under seal, but ordered that all previously filed documents in the case remain under seal "except as otherwise ordered by the Court." (Order, DN 24). The same day, the parties filed a Joint Stipulation of Dismissal (Joint Stipulation of Dismissal, DN 25), and attached their executed settlement agreement (Settlement Agreement, DN 25-1). The Court closed the case on June 5, 2014. (Order, DN 26).

On August 20, 2015, Mussler filed his Motion to Intervene and Unseal Court Records. (Mot. to Intervene & Unseal Ct. Rs.). The United States has filed a response (Pl.'s Resp. in Opp'n to Mot. to Intervene & Unseal Ct. Rs., DN 30 [hereinafter Pl.'s Resp.]), and Mussler has filed a reply (Movant Mussler's Reply to Pl.'s Resp., DN 31 [hereinafter Reply]). The motion is thus ripe for adjudication.

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 31 U.S.C. § 3732(a)-(b), which vests jurisdiction for False Claims Acts actions in the district courts.

## III. DISCUSSION

Mussler's motion seeks two forms of relief: that he be allowed to intervene and that all of the records under seal in this case be unsealed. (Mem. in Supp. of Mot. to Intervene & Unseal Ct. Rs. 3-5, DN 27-1 [hereinafter Mem. in Supp.]). Mussler explains that he is one of the lead counsel to plaintiffs in a state court action brought by patients of Defendants against them, and that he "would like to review the documents filed in this action to recover taxpayer's dollars, to determine what information might be helpful in the underlying state civil action." (Mem. in Supp. 3).

### A. Motion to Intervene

In his motion, Mussler provides no supporting law for his request to intervene. (*See* Mem. in Supp.). The United States notes that "Mr. Mussler's request to 'intervene' is unusual because it is unclear how he satisfies the requirements of Fed. R. Civ. P. 24(b); particularly now that this action has been dismissed." (Pl.'s Resp. 1 n.1). In his Reply, Mussler argues that he fulfills the requirements of Fed. R. Civ. P. 24(b) ("Rule 24(b)") because "the Plaintiffs in the [state court] cases have a significant public interest to intervene . . . for purposes of discovering facts which may assist them in prosecuting [claims against Defendants]." (Reply 2).

Federal Rule of Civil Procedure 24(b)(1)(B) provides that, "[o]n timely motion, the court may permit anyone to intervene who[] . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(c).

This Court has previously recognized that a motion to intervene is a proper vehicle to seek the unsealing of court records in a civil case by a non-party. *See Johnson v. Corr. Corp. of Am.*, No. 3:12-CV-246-H, 2014 WL 3970115, at *1 (W.D. Ky. Aug. 13, 2014). There is no question that Mussler's clients have claims that share a common question of fact with this suit as they arise from the same factual basis. (*See* Mem. in Supp. 3). Given that the case is closed, it is difficult to see how Mussler's intervention could unduly delay or prejudice the adjudication of the original parties' rights. Accordingly, Mussler may intervene.

### B. Motion to Unseal

Mussler did not seek to intervene for the sake of intervening; he asks the Court to unseal the record in this matter. (Mem. in Supp. 5). He states that he "would like to review the

documents filed in this action . . . to determine what information might be helpful in the underlying state civil action." (Mem. in Supp. 3). He argues that there is a strong presumption in favor of public records, and that there is no sufficient compelling reason to keep the records sealed that overcomes this presumption. (Mem. in Supp. 4-5).

The United States argues that there is not a "presumption in favor of disclosure when the disputed documents have been properly submitted to the court under seal." (Pl.'s Resp. 4). This argument comes from a 1989 Seventh Circuit case addressing the First Amendment right of access to criminal proceedings in the context of a request for access to a presentence investigation report. *United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989). The Court is unpersuaded that this holding is applicable to the case at bar.

As the Sixth Circuit has recognized with respect to civil actions, "[t]he public has the right 'to inspect and copy judicial documents and files.'" *Carter v. Welles-Bowen Realty, Inc.*, 628 F.3d 790, 790 (6th Cir. 2010) (quoting *In re Knoxville New-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983)). Indeed, "[t]here is a strong public policy in favor of public access to judicial proceedings . . . ." *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x 423, 425 (6th Cir. 2001) (citations omitted). The decision to grant access to court filings "is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).

In the *qui tam* context, "[w]here disclosure of confidential investigative techniques, of information which could jeopardize an ongoing investigation, or of matters which could injure non-parties is requested, courts have recognized the interest of the public in denying or deferring

4

disclosure." *U.S. ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994). It is appropriate to unseal a document that reveals only

> "routine investigative procedures which anyone with rudimentary knowledge of investigative processes would assume would be utilized in the regular course of business . . . [and] contains no information about specific techniques such as what items might be looked for in an audit, what types of employees of an entity should be contacted and how, what laboratory tests might be utilized, or the like."

*U.S. ex rel. Health Outcomes Techs. v. Hallmark Health Sys, Inc.*, 349 F. Supp. 2d 170, 173-74 (D. Mass. 2004) (alterations in original) (quoting *Mikes*, 846 F. Supp. at 23). At least one court has held that the taxpaying public are, in effect, real parties in interest to False Claims Act *qui tam* actions, which strengthens the case for public access to the documents in such actions. *U.S. ex rel. Schweizer v. Oce, N.V.*, 577 F. Supp. 2d 169, 172 (D.D.C. 2008).

The Court has reviewed each of the sealed documents, and finds that there are no documents that include specificity beyond routine investigative procedures. Given the strong presumption in favor of public access to court records and the absence in the record of information about specific investigative techniques, the Court will grant Mussler's motion.

## IV.  **CONCLUSION**

For the forgoing reasons, **IT IS HEREBY ORDERED** that Mussler's Motion to Intervene and Unseal Court Records (DN 27) is **GRANTED**. The Clerk of Court is directed to unseal all of the docket entries in this matter.

**Greg N. Stivers, Judge**
**United States District Court**
November 5, 2015

cc:     counsel of record

5